```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
SYLVIA SANTOS,                       :

                Plaintiff,           :
                                          REPORT & RECOMMENDATION
        -against-                    :
                                          10 Civ. 6948 (JSR)(MHD)
GENERAL ELECTRIC COMPANY,            :

                Defendant.           :
-------------------------------------x
```

TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

11/13/13

Pro se plaintiff Sylvia Santos commenced this lawsuit to challenge an arbitral decision that had been issued in favor of defendant General Electric Company ("GE") on her claims of mistreatment by her former employer. Ms. Santos's efforts in this court ended with a decision granting defendant's motion to dismiss the complaint, although the court denied defendant's additional request that it enjoin plaintiff from pursuing any further litigation against GE without prior court permission. (Order, dated Nov. 15, 2011 (Dkt. No. 22)). Plaintiff moved for reconsideration, an application that the District Court denied by Order dated January 23, 2012. (Dkt. No. 28).

1

Although plaintiff pursued an unsuccessful appeal to the United States Court of Appeals,[1] before doing so she sent a three-page letter to Chief Judge Loretta Preska complaining about purported misconduct by court employees, defense counsel and GE that supposedly deprived her of "her constitutional rights to due process." (Feb. 6, 2012 letter to the Hon. Loretta Preska from Ms. Sylvia Santos). Her complaints concerned certain listings on ECF, an alleged failure to serve some documents on her and her unhappiness with the denial of her reconsideration motion on a jurisdictional ground. That letter triggered a response from defendant's counsel in the form of a brief letter to Judge Preska dated February 23, 2012, in which he alluded to Santos "engag[ing] in a harsh and vindictive crusade of baseless litigation against GE for the past seven (7) years in several different forums." (Feb. 23, 2012 letter to the Hon. Loretta Preska from Gregory B. Reilly, Esq.). Counsel also alluded to GE's prior unsuccessful effort to enjoin plaintiff from further unapproved filings, and asked that that request now be revisited. (Id. at 1-2).

---

[1] Plaintiff filed both her motion for reconsideration and her notice of appeal on December 15, 2011. (Dkt. Nos. 24 & 30). The District Court denied the motion on January 23, 2012 for lack of jurisdiction, and the Court of Appeals dismissed her appeal on June 1, 2012. (Dkt. No. 36).

2

Following the reference of these letters to us (Order of Reference, dated Mar. 1, 2012 (Dkt. No. 31)), and in the wake of the Second Circuit's dismissal of plaintiff's appeal, we issued an order deeming counsel's letter to be "a motion to preclude plaintiff 'from filing further papers without the Court's prior permission'", and we directed that plaintiff serve any response by August 10, 2012. (Order, dated Aug. 2, 2012 (Dkt. No. 37)). Despite this invitation, plaintiff has not been heard from on this application.

For reasons noted at some length in our prior Report and Recommendation, we concluded that Ms. Santos's extended litigative combat with GE did not warrant the issuance of an injunction since the vast bulk of her efforts were not so frivolous as to reflect "a history of filing 'vexatious, harassing or duplicative lawsuits'" (Report & Recommendation, dated R&R at 55 (quoting inter alia Hong Mai v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); see id. at 55-59). In this instance we have no doubt that Ms. Santos's February 6, 2012 letter -- whatever the merits of her observations about errors related to the ECF filings and service problems -- was a groundless, if brief, effort to ensnare GE in further proceedings in addition to her pursuit of an already pending appeal from the dismissal of her complaint in this case. That said, given both the

3

passage of time and plaintiff's quiescence in the face of defendant's application, we are reasonably satisfied that this single (and now apparently isolated) step by her does not meaningfully alter the balance that we previously found to be weighing against the issuance of injunctive relief. Particularly in view of the absence of any indication that plaintiff has pursued additional lawsuits or that "other sanctions" -- including the threat of monetary sanctions if she filed additional lawsuits -- are insufficient "to protect the courts and other parties", <u>Iwachiw v. New York State Dep't of Motor Vehicles</u>, 396 F.3d 525, 528 (2d Cir. 2005) (quoting <u>Safir v. United States Lines, Inc.</u>, 792 F. 2d 1924 (2d Cir. 1986)), we recommend against further action by the court.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation portion of this submission. <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), 6(d). Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections

4

may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Thomas v. Arn, 474 U.S. 140, 150-55 (1985), reh'g denied, 474 U.S. 1111 (1986).

Dated: New York, New York
       November 13, 2013

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Recommendation & Report have been mailed today to:

Ms. Sylvia Santos
4415 Furman Avenue
Bronx, New York 10466

Catherine A. Rogers, Esq.
Gregory B. Reilly, Esq.
Littler Mendelson
900 Third Avenue
New York, New York 10022-3298